UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY THELUSMA (A No. 234-108-849),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-01443-JLT-EPG (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT; DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING; AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 16, 18)

Jimmy Thelusma is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 29, 2026, the assigned Magistrate Judge issued Findings and Recommendations ("F&R") to grant the petition, deny the motion for preliminary injunction as moot, and order Respondents to provide Petitioner with a bond hearing. (Doc. 18.) The Court served the F&R on all parties and notified them that any objections were due within fourteen days. (*Id*. at 10.) The Court advised them that "failure to file objections within the specified time may waive the right to appeal." (*Id*. (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) On May 12, 2026, Respondents filed timely objections based entirely on their previous briefing. (Doc. 19; *see also* Doc. 10.)

On June 24, 2026, this Court learned through the EOIR public database that Petitioner had been ordered removed by an Immigration Judge on June 12, 2026. As such, this Court requested an update from Petitioner on whether any appeal had been filed. (*See* Doc. 20.) On July 6, 2026, Petitioner informed the Court that he appealed his order of removal to the Board of Immigration Appeals. (Doc. 21.) A routine review of EOIR's public database confirms that a case appeal was received on July 24, 2026, which remains pending. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 11, 2026). Thus, Petitioner's order of removal is not yet administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of the case. Having carefully reviewed the matter, the Court concludes that the F&R is supported by the record and proper analysis. As a threshold matter, the F&R correctly concludes that Petitioner is not subject to mandatory detention under the Laken Riley Act, codified in 8 U.S.C. § 1226(c)(1)(B). (Doc. 18 at 3–4.) Petitioner was arrested and charged with *attempted* aggravated assault in violation of New Jersey Stat. Ann. § 2C:12–1(b)(1), which does not require actual serious bodily injury to result. (*Id*. at 4 (citing *State v. Mukherjee*, No. A-2450-23, 2025 WL 1341718, at *3 (N.J. Super. Ct. App. Div. May 8, 2025).) By contrast, to qualify as an enumerated crime under the Laken Riley Act, Petitioner must have been arrested or charged with a "crime that *results in death or serious bodily injury to another person*." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). There is no indication in the record that actual harm resulted from that charge and arrest.[1] (*See* Doc. 10 at 3.)

In any event, as the F&R correctly concludes, upon an application of the factors enumerated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), Petitioner's prolonged detention under 8 U.S.C. § 1226(c) entitles him to a bond hearing.[2] (Doc. 18 at 4–9.) Petitioner has now been

[1] To the extent Petitioner was also arrested and charged for other crimes on September 15, 2025, (e.g., criminal trespass—unlicensed entry of a structure—in violation of N.J. Stat. Ann. § 2C:18-3(a)), Respondents fail to argue how these other crimes qualify as enumerated offenses under the Laken Riley Act. (*See* Doc. 10 at 2–3.)

[2] While this Court would typically apply the three-factor test in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) to determine whether a petitioner detained under § 1226(c) is entitled to an *initial* bond hearing, courts in this circuit regularly apply the *Mathews* factors in this context as well. *See Zagal-*

detained in ICE custody since November 7, 2025, approximately nine months without an initial bond determination. (Doc. 10 at 2.) Courts have found shorter lengths of mandatory immigration detention without a bond hearing to be unreasonable. *See*, *e.g.*, *Black v. Decker*, 103 F.4th 133, 137–38 (2d Cir. 2024) (affirming the district court judgement ordering a bond hearing for a petitioner detained under § 1226(c) for seven months without a bond hearing); *Sajous v. Decker*, No. 18-cv-2447 (AJN), 2018 WL 2357266, at *1, 10 (S.D.N.Y. May 23, 2018) (granting preliminary injunction and ordering individualized bond hearing for petitioner detained more than eight months under § 1226(c) without a bond hearing). Furthermore, Petitioner's nine-month detention is close to reaching the one-year mark, which goes to the private interest factor and weighs in favor of granting a bond hearing in this case. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 880 (E.D. Cal. 2022) ("In general, '[a]s detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.'") (citing *Gonzalez v. Bonnar*, *et al.*, No. 18-cv-05321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019)). Considering this, and the other factors as explained in the F&R, the Court finds that a bond hearing is an appropriate remedy. (*See* Doc. 18 at 6–8.)

Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 29, 2026 (Doc. 18) is **ADOPTED IN FULL**.
2. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.
3. The Motion for Preliminary Injunction (Doc. 16) is **DENIED** as **MOOT**.
4. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v.*

---

*Alcaraz v. ICE Field Office*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *4 (D. Or. Mar. 25, 2020 (applying both the *Mathews* test and a multi-factor test), *report and recommendation adopted*, 2020 WL 1855189 (D. Or. Apr. 13, 2020); *Mitka v. ICE Field Office Dir.*, No. C19-193 MJP, 2019 WL 5892025, at *2 (W.D. Wash. Nov. 12, 2019) (applying both the *Mathews* test and a multi-factor test); *Henriquez v. Garland*, No. 5:22-cv-00869-EJD, 2022 WL 2132919, at *5–6 (N.D. Cal. June 14, 2022) (applying the *Mathews* test); *Jimenez v. Wolf*, *et al.*, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) (applying the *Mathews* test).

*Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

5. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.
6. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.
7. The Clerk of Court is directed to serve a copy of this order on the Golden State Annex Detention Facility in McFarland, California.
8. The Clerk of Court is directed to **CLOSE THE CASE** and enter judgement for Petitioner.

IT IS SO ORDERED.

Dated: August 11, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE